■ JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, Appellant, v DAMAN CABLE SPECIALISTS, INC., Respondent. [649 NYS2d 262] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner seeks to enforce a security interest in an excavator that petitioner sold to R. L. Portner, Inc., in 1988. In 1991 the excavator was sold to respondent, by either Oneida Rental, Madison Lumber or R. L. Portner, Inc., all of which are owned or operated by Randy Portner. It is undisputed that Oneida Rental and Madison Lumber were both dealers or merchants in excavation equipment, and that respondent was a purchaser in good faith. Supreme Court determined that respondent was entitled to the protection of UCC 9-307 (1), which provides in pertinent part that a buyer in the ordinary course of business takes free of a security interest created by the seller even though the security interest is perfected.

The purpose of UCC 9-307 (1) is to permit a buyer " 'to buy goods from a dealer in such goods without having to protect himself against a possible security interest on the inventory' " (*Tanbro Fabrics Corp. v Deering Milliken,* 39 NY2d 632, 636,

*rearg denied* 40 NY2d 846). UCC 9-307 represents "a narrow exception to the general rule stated in [UCC] 9-306 (2)" (*Aircraft Trading & Servs. v Braniff, Inc.*, 819 F2d 1227, 1234, *cert denied sub nom. Condren v Aircraft Trading & Servs.*, 484 US 856). Section 9-306 (2) provides that a security interest in collateral continues notwithstanding a later sale, unless otherwise provided in UCC article 9. If the security interest was not created by the seller, UCC 9-307 (1) does not apply (*see, Marine Midland Bank v Smith Boys*, 129 Misc 2d 37, 42-43).

There is a material question of fact whether the security interest in this case was created by the seller (*compare, Deutsche Credit Corp. v Case Power & Equip. Co.*, 179 Ariz 155, 876 P2d 1190, *and Ocean County Natl. Bank v Palmer*, 188 NJ Super 509, 457 A2d 1225, *with Adams v City Natl. Bank & Trust Co.*, 565 P2d 26 [Okla]; *and* 9 Anderson, Uniform Commercial Code § 9-307:29, at 366 [3d ed]). We therefore modify the order and judgment by denying the cross motion of respondent for summary judgment and reinstating the petition. (Appeal from Order and Judgment of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.